**AFFIRM; and Opinion Filed July 11, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00512-CR

**HILARIO SANTIAGO-BATISTA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82818-2016**

# MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

A jury convicted Hilario Santiago-Batista for continuous sexual abuse of a child younger than fourteen years. The trial court assessed punishment at forty-five years' imprisonment. In two issues, appellant contends the evidence is insufficient to prove all the elements of the charged offense, and the trial court erred by designating the second adult to hear abuse allegations as the outcry witness. We affirm.

BACKGROUND

YT, the complainant, lived in a house with Mother, Father, older Brother, Uncle, and two men who paid rent to Father to share a bedroom in the house. The renters, appellant and a man everyone called Pana, would sometimes eat meals with YT's family. Pana had been a family friend for many years, and lived with the family for several years before appellant had moved in.

Although appellant was not a family friend, Father allowed him to share the room with Pana because a relative asked Father to help appellant because appellant had no other place to go. Appellant began living in YT's household in 2010. After appellant had moved out in 2016, YT told Brother that appellant had "touched her." Brother called Mother, who was at work, and told her something has happened with YT. Mother testified she told him to call Aunt to come to house because she and Father were at work, but would get home as quickly as possible. Aunt testified that she went to YT's house on July 1, 2016 and talked to YT. YT said that appellant had "touched her." When Aunt asked YT where did appellant touch her, YT "ran her hand along her body." YT said appellant had touched her several times and she was afraid to tell anyone because she was "scared and worried about the safety of her family." Aunt did not ask YT for details.

Father testified that when he and Mother arrived home, YT confirmed that appellant had touched her, but she did not give any details about what had occurred. Father immediately called the police. Father testified that about a month before YT's outcry, she had complained that appellant had "tried to grab her butt." Father did not think it was too serious so that although he asked appellant to leave his home, he allowed appellant to stay for another month because appellant had nowhere else.

A forensic examiner interviewed YT at the Children's Advocacy Center of Collin County. YT gave many sensory details to the forensic examiner about the sexual abuse and said it had been ongoing. The forensic interviewer testified that YT related three incidents of sexual abuse. One occurred at Christmastime when appellant invited YT and her cousins to play in his room. When the cousins left the room, appellant shut the door, pulled down YT's tights and underwear, and touched her vagina with his hand. When appellant heard footsteps, he stopped and pulled up YT's clothing, warning her that if she said anything about what he had done, he would kill Pana. Another incident occurred several months before the Christmas incident, when YT was seven or

eight years old. YT was on appellant's bed laying face up with her legs dangling off the bed. Appellant ordered YT to take off her pants and underwear. When she complied, appellant pulled down his pants, put something on his "thing" and put his "thing" in YT's vagina. YT told appellant to stop, but he got mad and did not stop. After appellant was done, YT felt a "burning feeling" on her vagina. YT recalled another incident of appellant touching her vagina when she was six or seven years old while she was in his bedroom. When the forensic interviewer asked YT if anyone else had touched her, YT said, "No." The forensic interviewer testified that although YT "wept" while describing the incidents of sexual abuse, she was consistent throughout the interview.

YT was eleven years old at trial when she told the jury about the sexual abuse by appellant. YT testified that at Christmastime, she and her cousins were playing "cops and robbers," and appellant's bedroom was their "pretend jail." When the cousins left appellant's bedroom, appellant told YT to pull down her pants. YT testified she did what appellant told her to do because she was afraid. After she pulled down her pants and underwear, appellant touched her "private part" with his hand. Appellant pulled down his pants, exposing him genitals to YT, and he put a "round clear thing on his thing and then put his thing on my private part." When appellant heard footsteps in the hallway, he pulled up his pants and told YT that if she said anything to anyone he would kill Pana.

YT testified another incident of sexual abuse occurred in the summer before the Christmas incident. She and Brother were home alone with appellant. Brother was asleep in his room while YT was in Mother's bedroom. Appellant took YT to his bedroom and laid her on his bed with her legs off the side and laying face up. Appellant ordered YT to pull her pants down. Appellant pulled his pants down, put a "round thing on his thing and touched my private part with his thing." YT told appellant to stop; appellant told YT to be quiet. After appellant was finished, YT pulled

–3–

up her pants and left his bedroom. YT testified that appellant touched her with his "thing" more times than she could remember the specific details.

Appellant did not offer any evidence at trial. The jury found appellant guilty of continuous sexual abuse of a child younger than fourteen years. During the punishment phase, neither party offered any additional evidence. The trial court sentenced appellant to forty-five years' imprisonment.

INSUFFICIENT EVIDENCE

In his first issue, appellant contends the evidence was insufficient to support all the elements of the charged offense. Specifically, appellant argues the testimony was unsupported by any physical evidence, and that the child witness was frequently "led in her answers by the prosecutor." Appellant asserts that YT's "story" was coaxed out of her by adults and experts in child abuse cases, and that the details of alleged sexual abuse emerged only during the forensic interview when YT was being questioned by a skilled interviewer. The State responds that the evidence is sufficient to support the conviction because YT testified about the sexual abuse she suffered, and appellant's challenge to the sufficiency of the evidence is merely an attack on YT's credibility.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); Wise *v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

To obtain a conviction for continuous sexual abuse of a child as charged in the indictment, the State had to prove beyond a reasonable doubt that appellant (1) during a period that was thirty or more days in duration, (2) committed two or more acts of sexual abuse against YT, (3) YT was younger than age fourteen, and (4) appellant was older than age seventeen and not YT's spouse. *See* TEX. PENAL CODE ANN. § 21.02(b), (c) (West Supp. 2017). Regarding element (2), the State alleged acts of aggravated sexual assault of a child and indecency with a child by sexual contact. *See id*. §§ 21.11(a)(1), (c)(2) (indecency with a child); 22.021(a)(1)(B)(i) (aggravated sexual assault of a child). These offenses alleged contact of YT's sexual organ by appellant's sexual organ and contact of YT's genitals by appellant's hand with the intent to arouse or gratify appellants sexual desire.

At trial, YT testified about several incidents of sexual abuse by appellant constituting continuous sexual abuse of a child. A child victim's testimony alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2017); *Lee v. State*, 186 S.W.3d 649, 655 (Tec. App.—Dallas 2006, pet. ref'd). Moreover, YT testified appellant touched her vagina with his hand on more than one occasion and appellant also touched her vagina with his penis on more than one occasion. She described these incidents beginning when she was six or seven years of age and ending when appellant moved from her home when she was ten years of age. YT further testified that she had never told anyone the full account of what appellant had done to her because she was afraid. The forensic interviewer testified it was common for child victims of sexual abuse to slowly provide more details about their sexual abuse.

The jury was free to accept or reject any and all of the evidence presented by either side. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). After reviewing the entire record, we conclude the jury could reasonably have believed YT's allegations of sexual abuse.

Having viewed the evidence in the appropriate light, we conclude any rational jury could find the essential elements of the offense of continuous sexual abuse of a child younger than fourteen years beyond a reasonable doubt. *See Wise*, 364 S.W.3d at 903. We overrule appellant's first issue.

OUTCRY WITNESS

In his second issue, appellant contends the trial court erred in designating the forensic examiner, who was the second adult to hear YT's allegations of sexual abuse, as an outcry witness. Appellant argues that because Aunt was the first adult YT told about alleged sexual abuse, the forensic interviewer should not have been allowed to testify as an outcry witness over appellant's objections. Appellant further asserts that because YT only recounted an allegation of "touching" by appellant's hand, it was trial court error to allow the forensic interviewer to provide additional details that "merely colored the case" and deprived him of a fair trial. The State responds the trial court properly determined that the forensic interviewer was a proper outcry witness.

We review a trial court's outcry witness designation for an abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 91–92 (Tex. Crim. App. 1990). An outcry witness is not person-specific but, rather, event-specific. *See West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003 pet. ref'd). Before more than one outcry witness may testify, the outcry must be about a different event and not simply a repetition of the same event as related by the child to different individuals. *Id*. There may be only one outcry witness to the child's statement about a single event, and the proper outcry witness to a single event is the first adult person other than the defendant to whom the child made a statement describing the incident. *Id*.

Hearsay is not admissible except as provided by the rules of evidence or by statute. TEX. R. EVID. 802. If the requisite conditions are met, article 38.072 of the code of criminal procedure creates an exception to the hearsay rule. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2017). The statute requires more than a general allusion to child abuse by the victim. *See Garcia*,

–6–

792 S.W.2d at 91. Under article 38.072, the outcry witness is the first person "to whom the child makes a statement that in some discernible manner describes the alleged offense." *Id.* Hearsay testimony from more than one outcry witness may only be admissible under article 38.072 if the witnesses testify about different events. *See Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd). The trial court has broad discretion to determine whether the child's statement falls within this hearsay exception. *See Josey v. State*, 97 S.W.3d 687, 692 (Tex. App.—Texarkana 2003, no pet.).

In this case, the trial court held a hearing outside the jury's presence to determine whether the forensic interviewer would be allowed to testify as an outcry witness. The forensic interviewer testified YT described three separate incidents of sexual abuse by appellant. YT gave sensory details and indicated the sexual abuse occurred "at Christmastime and a couple of months before the Christmastime." YT also told the forensic interviewer the incident she had described that had occurred at Christmastime had also occurred "more times than she could remember." YT further stated the forensic interviewer was the first person to whom she disclosed the details of what appellant had done to her and when. The forensic interviewer further testified that YT stated she told Aunt only that appellant had touched her, but she did not give Aunt any details about what had actually happened.

The trial court found that the statements made to Aunt by YT were insufficient to constitute an outcry because the statements were general allusions to sexual abuse. Appellant's argument that the statute requires the outcry witness be the first person to whom the victim made statements about the offense is incorrect. The statute requires more than a general allusion to child abuse by the victim. *See Garcia*, 792 S.W.2d at 91. It was not until YT spoke to the forensic interviewer that she made all of her allegations, gave specific details about specific incidents of abuse, and it

became clear the sexual abuse involved multiple incidents for a period of thirty days or more. *See Broderick*, 35 S.W.3d t 73–74.

Based upon the record before us, we cannot conclude the trial court erred by determining the forensic interviewer was the proper outcry witnesses. *See Garcia*, 792 S.W.2d at 91–92; *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). We overrule appellant's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170512F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

HILARIO SANTIAGO-BATISTA,
Appellant

No. 05-17-00512-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82818-2016.
Opinion delivered by Justice Brown.
Justices Bridges and Boatright
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of July, 2018.